IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHELLE WIESE, | ) | CASE NO. 8:22-CV-00015 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | AMENDED COMPLAINT |
| | ) | AND REQUEST FOR |
| GREAT WESTERN BANK, | ) | JURY TRIAL |
| | ) | |
| Defendant. | ) | |

COMES NOW the Plaintiff, by and through her attorney, and
for her cause of action against the Defendant states as follows:

1.     At all times relevant, Michelle Wiese was a resident of
Dodge County, Nebraska.

2.     At all times relevant, Great Western Bank was a
corporation duly authorized to do business in the State of Nebraska
and other locations in the United States.   Defendant is an employer as
defined by the state and federal statutes invoked herein.

3.     The Plaintiff is a female who began working for the
Defendant on or about March 12, 2012, as a Market President I.  The
Plaintiff was discriminated against on the basis of her sex in violation
of Title VII of the Civil Rights Act of 1964, Neb. Rev. Stat. § 48-1104 of
the Nebraska Fair Employment Practices Act, and in violation of Neb.
Rev. Stat. § 20-148.

4.     Craig Harbaugh and/or Tactical Solutions Gear, LLC.
(TSG) were customers of the Defendant.  TSG and/or Craig Harbaugh
had a significant loan with the Defendant in April 2019.  In April 2019,

the Plaintiff discovered that Tactical Solutions Gear, LLC. (TSG) and/or Craig Harbaugh's checks were being returned as overdrafts. The Plaintiff began making phone calls and discovered irregularities. She reported her concerns that fraud had been committed by Craig Harbaugh and/or TSG.

5.      The Plaintiff had authority to approve loans up to $250,000.00.   The total borrowing of TSG and/or Craig Harbaugh was over $250,000.00 when Plaintiff became one of the lenders assigned to the loan file.  Plaintiff could not authorize any loan to any client in excess of her authority of $250,000.00.

6.      Defendant's male employee, Frank Steffensmeier, a loan officer, had authority to approve loans up to $500,000.00 and approved loans for TSG and/or Craig Harbaugh.

7.      Defendant's male employee, Tom Sonderegger, a loan officer, had authority to approve loans up to $1,000,000.00 and approved loans for TSG and/or Craig Harbaugh.

8.      Defendant's male employees, Craig Robbins and Pete Jardine, loan officers,  also had authority to approve loans over $1,000,000.00.

9.      Michael Goth, male, was the head of Defendant's credit department and had authority to approve loans for TSG and/or Craig Harbaugh.

10.      Upon information and belief, Great Western Bank loaned over 5 million dollars to TSG and/or Craig Harbaugh.  Of the total loan to TSG and/or Craig Harbaugh, Plaintiff had authority to approve the first $250,000.00.  All monies loaned over and above the $250,000.00 were approved by various male employees of the Defendant.  None of the male employees were terminated by Defendant for approving over

5 million dollars in loans to TSG and/or Craig Harbaugh.  Said loans were a part of the fraud allegedly committed  by Craig Harbaugh and/or TSG.

11.     The Federal Bureau of Investigation became involved the investigation of the aforementioned fraudulent activity.

12.     Eventually, Craig Harbaugh was indicted and found guilty of defrauding the Defendant in the approximate amount of $4,892,708.00.

13.     On or about November 18, 2019, Defendant terminated Plaintiff allegedly due to TSG and/or Craig Harbaugh's fraudulent conduct.

14.     At all times, Plaintiff's authority to approve loans to TSG and/or Craig Harbaugh loan was capped and limited to $250,000.00. All other monies that were loaned to the fraudulent felon, Craig Harbaugh (which exceeded over 5 million dollars) were approved by Defendant's male employees.

15.     Defendant did not terminate any male employee for their substantial involvement in authorizing and approving loans to the convicted felon, Craig Harbaugh and/or TSG.   The only person terminated was the female Plaintiff.

16.     The Plaintiff, at all times, was a member of a protected class, to-wit: a female.  She was qualified for her job and satisfactorily performed her work while employed by the Defendant.  A motivating factor in Defendant's decision to terminate was her sex, female.

17.     Defendant's aforementioned male employees, who were employed by Defendant as loan officers, and who had approved loans for TSG and/or Craig Harbaugh that were in excess of the $250,000.00

approved by Plaintiff, were treated more favorably than the female Plaintiff, who was fired for her alleged involvement.

18.    This Court has original jurisdiction over the claims arising under federal law and concurrent jurisdiction for the claims arising under state law.

19.    The Plaintiff has satisfied the administrative requisites prior to filing this timely lawsuit.  On October 14, 2021, the Equal Employment Opportunity Commission issued a Right to Sue Letter.

20.    As a result of the above unlawful acts, Plaintiff has sustained compensatory damages including, but not limited to, mental anguish, humiliation, damage to reputation, anxiety, inconvenience, and has incurred lost wages, the value of job-related benefits and will continue to incur lost wages and the value of job-related benefits and will suffer compensatory damages into the future.

21.    Insofar as the Defendant's conduct was willful and/or reckless, punitive damages are appropriate under federal law.

## COUNT I

22.    Plaintiff incorporates Paragraphs 1 through 21 as if fully set forth herein.

23.    Defendant has discriminated against  due to her gender in violation of the Title VII of the Civil Rights Act.

24.    As a direct and proximate result of Defendant's illegal conduct, Plaintiff has suffered compensatory damages, lost wages, and the value of job-related benefits, and will continue to incur compensatory damages, lost wages and the value of all job-related fringe benefits into the future.

25.    Due to Defendant's willful and/or reckless conduct, punitive damages are appropriate.

WHEREFORE Plaintiff requests judgment against the Defendant in the following respects:

a)    Declare the acts of the Defendant to be in violation of laws referenced herein;

b)    Award the Plaintiff lost wages and the value of benefits as well as prejudgment interest;

c)    Award the Plaintiff an appropriate amount of monetary damages for her compensatory damages;

d)    Direct Defendant to reinstate Plaintiff to her previously held position or award her front pay and the value of future lost job-related benefits;

e)    Award the Plaintiff attorney's fees and costs;

f)    Award punitive damages against the Defendant with respect to the federal causes of action;

g)    Award such relief as this Court deems just and proper.

## COUNT II

26.    Plaintiff incorporates Paragraphs 1 through 25 as if more fully set forth herein.

27.    Defendant has discriminated against the female Plaintiff due to her gender in violation of Neb. Rev. Stat. § 48-1104 of the

Nebraska Fair Employment Practices Act and Neb. Rev. Stat. § 20-148.

28.     As a direct and proximate result of Defendant's illegal conduct, Plaintiff has suffered compensatory damages, lost wages, and the value of job-related benefits, and will continue to incur lost wages and the value of all job-related fringe benefits into the future as well as mental anguish, humiliation, anxiety, and inconvenience.

WHEREFORE Plaintiff requests judgment against the Defendant in the following respects:

a)      Declare the acts of the Defendant to be in violation of laws referenced herein;

b)      Award the Plaintiff lost wages and the value of benefits as well as  prejudgment interest;

c)      Award the Plaintiff an appropriate amount of monetary damages for her compensatory damages;

d)      Direct Defendant to reinstate Plaintiff to her previously held position or award her front pay and the value of future lost job-related benefits;

e)      Award the Plaintiff attorney's fees and costs;

f)      Award such relief as this Court deems just and proper.

Dated this 4th day of February 2022.

MICHELLE WIESE, Plaintiff


s/ Vincent M. Powers
Vincent M. Powers #15866
Powers Law
411 South 13th Street, Suite 300
PO Box 84936
Lincoln, NE  68501-4936
402/474-8000


REQUEST FOR JURY TRIAL

Plaintiff requests a jury trial to be held in Omaha, Douglas County, Nebraska.


s/ Vincent M. Powers